**In the Matter of the WELFARE OF V.R., P.R., and L.R.**

**No. C1–84–341.**

Court of Appeals of Minnesota.

Sept. 11, 1984.

---

William E. Sjoholm, Minneapolis, for D.R. and M.R., husband and wife.

Karen L. Nasby, Asst. Public Defender, Minneapolis, for V.R., minor child.

Wright Walling, Minneapolis, for the guardian ad litem for P.R. and L.R., minor children.

Deonne Parker, Asst. Co. Atty., Minneapolis, for respondents.

Heard, considered, and decided by PARKER, P.J., and FOLEY and HUSPENI, JJ.

## OPINION

HUSPENI, Judge.

This is an appeal by appellants father and mother from the Juvenile Court's determination that V.R., P.R., and L.R. are dependent and neglected children as defined by Minn.Stat. § 260.015, subd. 6(b), (d) and subd. 10(b)–(e) (1982). Mother and father also contend that the trial court abused its discretion in denying their motion for a fourth continuance and by denying their motion for a new trial or to reopen the trial for the presenting of further witnesses. We affirm in part and vacate in part.

## FACTS

V.R. is the natural daughter and B.R. is the natural son of mother. They are the adopted daughter and son of father. Two other daughters, P.R. and L.R., are the natural children of both parents.

On October 21, 1982, the Brooklyn Center police were called to the R.'s home by V.R. because of a family fight. When Officers McComb and Ewald arrived at the home, they observed that B.R., age 17, had a swollen right eye and a scratch on his cheek, was hysterical, crying, sobbing, and visibly upset. B.R. told the police that he had been assaulted by his father. He also reported that similar assaults had occurred in the past. Both officers testified that the father was intoxicated when they arrived, and that the mother was uncooperative and unconcerned when she returned home and the police were there.

After investigating the reported incident, the police arrested father and charged him with domestic abuse. Approximately one week later, V.R. and B.R. reported to a Hennepin County social worker that their father had been sexually abusing them. Shortly thereafter, the Hennepin County Attorney's Office charged father with intrafamilial sexual abuse in the second degree in violation of Minn.Stat. § 609.3642 (1982), and the Hennepin County Bureau of Social Services filed a dependency and neglect petition in regard to all four children. B.R., now an adult, has retracted his statements regarding father's sexual abuse. V.R. has not retracted her statements.

A contested hearing on the dependency and neglect petition was scheduled on April 20, 1983. That hearing was continued for sixty days because father and mother were without legal counsel. An attorney from the Hennepin County Public Defender's Conflicts Panel was appointed to represent them. On June 16, 1983, father and mother met with their appointed attorney for approximately one and one-half hours.

At the hearing on June 20, 1983, father and mother requested a continuance to pre-

pare further for trial. The request was denied because of inconvenience to other parties and because father and mother had been granted one continuance already. The contested hearing on June 20 carried over to August 5, 1983.

At the hearing, V.R. testified that she had had sexual relations with father more than once a week since she was nine or ten years old. These relations included her father fondling her breasts and vagina, asking her to have oral sex or sexual intercourse with him. It usually occurred when her father was drunk, and he would slap her if she refused.

Mother denied ever witnessing or suspecting anything inappropriate about her husband's relationships with their children. Father denied ever having any sexual relations with any of his children.

After hearing the matter, the trial court concluded that V.R., P.R., and L.R. were dependent and neglected children.

Father and mother then moved the court to vacate the judgment, grant a new trial, or, in the alternative, to reopen the trial to permit them to introduce additional testimony or evidence. The trial court denied the motion for a new trial, but reopened the trial for the limited purpose of allowing father and mother to call B.R., P.R., and L.R. as witnesses.

After the additional testimony, the trial court's findings of fact, conclusions of law, and order remained unchanged. The court denied any further continuances to hear testimony, and this appeal resulted.

## ISSUES

1. Was the trial court's denial of appellants' motion for a continuance of the trial an abuse of discretion which prejudiced appellants by materially affecting the outcome of the trial?

2. Was the trial court's denial of appellants' motion for a new trial or, in the alternative, to reopen the trial to permit the introduction of testimony of additional witnesses not previously called and to recall V.R. for further recrossexamination, an abuse of discretion?

3. Is the conclusion of the trial court that V.R., P.R., and L.R. are dependent and neglected children supported by clear and convincing evidence?

## ANALYSIS

■ 1. Father and mother contend that the trial court abused its discretion by denying their motion for a continuance. This motion was brought on the day the contested hearing was to begin. Father and mother argue they were denied time to prepare for trial and were denied effective assistance of counsel.

> The decision to grant or deny a motion for continuance lies within the sound discretion of the trial court and will only be reversed upon a showing of abuse of discretion.

*State v. Turnipseed,* 297 N.W.2d 308, 311 (Minn.1980). To decide whether there has been an abuse of discretion, this court must examine all the circumstances before the trial court at the time the motion was made to determine whether the trial court's decision prejudiced appellants by materially affecting the outcome of the trial. *Id.*

■ The trial was originally set for April 20, 1983. However, it was continued for sixty days because father and mother were without legal counsel. At the April 20 hearing, the Hennepin County Public Defender's office was appointed to represent them, and the matter was continued until June 20, 1983. (Representation of father and mother was actually provided by a Conflicts Panel attorney because the Public Defender's office was already representing V.R.) Father and mother allege that they first learned of their attorney's appointment on June 16, 1983, and that they met with him for an hour and one-half to prepare for the June 20 hearing.

The county contends that father and mother have not advanced any good cause why the continuance should have been granted. The county urges that father and mother failed to take proper action to meet with their attorney. There is no evidence

to indicate that father and mother made an appointment to see their attorney earlier than two days before the trial. There is no showing that they made any attempt to contact their attorney prior to June 16. Further, even though the motion for continuance was denied on June 20, that hearing was itself continued to August 5, 1983. There was adequate time between June 20 and August 5 for the Conflicts Panel attorney to prepare for the remainder of the hearing. The outcome of the trial was not materially affected by the court's denial of the motion.

2. The grounds for new trial are governed by Rule 60.02, Minnesota Rules for Juvenile Court, which in relevant part states:

> The court on written motion of counsel for a participant or the county attorney may grant a new trial on any of the following grounds:
>
> (a) irregularity in the proceedings of the court, any court order or court abuse of discretion, whereby a person was deprived of a fair trial.

■ The basis of the complaint of mother and father is that they were denied a fair trial because they had inadequate time to prepare for trial and thus were denied "their right to present evidence and witnesses material to the case and to cross-examine [V.R.], a witness called by the petitioner." Consequently, they moved the court to grant them a new trial or at least to reopen the contested hearing to permit them to call additional witnesses and to further recross-examine V.R. and thereby make a complete record. The court denied the motion.

We find no abuse of discretion in denying the motion of father and mother. Several continuances had been granted. There was adequate time to prepare for the contested hearing. Father and mother admit that the purpose of calling additional witnesses was not to present newly-discovered evidence. They had full opportunity to call V.R. and to recross-examine her during the trial. The prior inconsistent statements that father and mother claim they wished to use for impeachment purposes upon the recall of V.R. are in actuality mischaracterizations of V.R.'s statement to the police. There has been no showing that the mother and father were prejudiced in any way by the trial court's ruling.

3. The court found that V.R., P.R., and L.R. are dependent and neglected children as defined respectively by Minn.Stat. § 260.015, subd. 6(b), (d) and subd. 10(b)–(e).

> Subd. 6 "Dependent child" means a child:
>
> (b) Who is in need of special care and treatment required by his physical or mental condition and whose parent * * * is unable to provide it; or
>
> *   *   *   *   *   *
>
> (d) Who is without proper parental care because of the emotional, mental, or physical disability, or state of immaturity of his parent * * *
>
> Subd. 10 "Neglected child" means a child:
>
> (b) Who is without proper parental care because of the faults or habits of his parent * * * or
>
> (c) Who is without necessary subsistence, education or other care necessary for his physical or mental health or morals because his parent * * * refuses to provide it; or
>
> (d) Who is without the special care made necessary by his physical or mental condition because his parent * * * neglects or refuses to provide it; or
>
> (e) Whose occupation, behavior, condition, environment or associations are such as to be injurious or dangerous to himself or others;

The trial court found that V.R. had been both sexually and physically abused by her father and that, because of the sexual abuse of V.R., P.R. and L.R. were at risk to be sexually abused by father also.

■ The trial court's factual findings are entitled to the same weight of review as a jury verdict and will not be set aside unless clearly erroneous. *State v. Vail,*

274 N.W.2d 127, 133 (Minn.1979). Allegations of a neglect and dependency petition must be proved by clear and convincing evidence. Minn.R.Juv.P. 59.05.

 The record does support, with clear and convincing evidence, the trial court's finding that V.R. is a dependent and neglected child. The sexual abuse of V.R. by her adoptive father is supported by the evidence. V.R. maintained the truth of her report of sexual abuse over many months (October 1982 to June 1983). This is especially credible in light of the fact that she was ostracized from the family and was subjected to a restraining order to prevent her from seeing them. (We recognize that V.R. herself had asked for a restraining order against her adoptive father.) The psychologist who evaluated V.R. believed she had been sexually abused. There is no showing that there is any inconsistency in her testimony.

 Careful review of the record fails to disclose clear and convincing evidence that P.R. and L.R. are neglected children. There was no evidence presented at trial nor any finding by the court of any sexual or physical abuse of L.R. or P.R. by their father. We note further that, in its dispositional order, the trial court permitted P.R. and L.R. to remain at home with their parents, subject to the involvement of both parents and both children in appropriate treatment and counselling groups. While we have no desire to disturb that dispositional order, and recognize that the court has authority to make such a disposition under Minn.Stat. § 260.191 (1982) for children found to be neglected, dependent, or both, we feel constrained on the state of this record to vacate the neglect adjudication as it relates to P.R. and L.R. We leave the dependency adjudication as to these two children undisturbed.

### DECISION

The Juvenile Court extended sufficient opportunity to the appellants to be adequately represented and to present witnesses on their behalf. Appellants were not prejudiced by the court's denial of their

numerous motions. The evidence was clear and convincing on the issue of V.R.'s neglect and dependency. That adjudication is affirmed. The evidence was insufficient to find that P.R. and L.R. were neglected, and the neglect adjudication as to these two children is vacated. The adjudication as to the dependency of P.R. and L.R. is supported by clear and convincing evidence and is affirmed.

Affirmed in part and vacated in part.