**In the Matter of the WELFARE OF A.S., Child.**

**No. C3–85–1291.**

Court of Appeals of Minnesota.

Nov. 5, 1985.

George F. Restovich, Rochester, for respondent Father.

Kathryn M. Snyder, Rochester, for respondent Mother.

Martha Roos, Rochester, Volunteer Guardian Ad Litem.

Raymond F. Schmitz, Olmsted Co. Atty., Debra A. Jacobson, Asst. Co. Atty., Rochester, for appellant, Olmsted County Dept. of Social Services.

Considered and decided by POPOVICH, C.J., and WOZNIAK and HUSPENI, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

In June of 1985, the Olmsted County District Court dismissed a petition of dependency filed by the appellant, the Olmsted County Department of Social Services (Olmsted County), which sought to adjudicate M.S. and C.S.'s three-year old daughter, A.S., dependent. Olmsted County claims the trial court erred in dismissing the petition. We affirm.

## FACTS

M.S. and C.S. are separated and are seeking a dissolution of their marriage. They have two children, a daughter A.S. and a son R.S. A.S. and R.S. are presently in the physical custody of their mother. Their father is paying temporary child support and for psychological counseling for A.S. at the Zumbro Mental Health Center. A.S. has supervised visitation with her father.

In November of 1984, Olmsted County filed a petition of dependency in district court claiming that A.S. was dependent under Minn.Stat. § 260.015, subd. 6(b) because

she is in need of special care and treatment required by her physical or mental condition and whose parent, guardian or other custodian is unable to provide it.

The petition asserts that the Department of Social Services was notified by the Zumbro Valley Mental Health Center that during counseling sessions A.S. made statements indicating she had been sexually abused by her father during visits. The petition does not allege that A.S.'s mother committed any misconduct. The father denied the allegations in the petition. The mother did not admit or deny the allegations, but did not object to the county proceeding with the dependency action.

The father moved the trial court for dismissal of the petition of dependency, claiming A.S. is not dependent under Minnesota law and that her needs are currently being met by the parents, or one of them. The trial court dismissed the petition on the grounds that A.S. is not dependent as a matter of law because her needs are currently being met by the parents, or one of them.

## ISSUE

Did the trial court err in dismissing the petition of dependency?

## ANALYSIS

The petition for dependency claims A.S. is a dependent child under Minn.Stat. § 260.015, subd. 6(b) (1984) which provides:

Subd. 6. "Dependent child" means a child:

\* \* \* \* \* \*

(b) Who is in need of special care and treatment required by his physical or mental condition and whose parent, guardian, or other custodian is unable to provide it; \* \* \*.

The trial court dismissed the petition for dependency on the grounds that A.S. was not dependent as a matter of law because her needs were being met by the parents, or one of them.

The general purpose of the laws regulating dependency and neglect actions is stated in Minn.Stat. § 260.011, subd. 2 (1984), which in part provides:

Subd. 2. The purpose of the laws relating to juvenile courts is to secure for each child *alleged* or adjudicated neglected or dependent and under the jurisdiction of the court, the care and guidance, *preferably in his own home,* as will serve the spiritual, emotional, mental, and physical welfare of the child and the best interests of the state; *to preserve and strengthen the child's family ties whenever possible, removing him from the custody of his parents only when his welfare or safety cannot be adequately safeguarded without removal;*

and, when the child is removed from his own family, to secure for him custody, care and discipline as nearly as possible equivalent to that which should have been given by his parents.

(Emphasis added.)

In light of the general purpose of the laws guiding dependency actions and the facts presented in this case, we find the trial court did not err in dismissing Olmsted County's petition of dependency. A.S. is not a dependent child as defined by Minn. Stat. § 260.015, subd. 6(b). The only facts cited in the petition of dependency are allegations of sexual abuse by the father. These allegations raise important concerns for A.S.'s welfare and protection and are often grounds for an adjudication of dependency. *See generally In the Matter of the Welfare of V.R., P.R., and L.R.,* 355 N.W.2d 426, 431 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Jan. 11, 1985); *In the Matter of the Welfare of S.J.,* 367 N.W.2d 651, 655 (Minn.Ct.App.1985). However, this case is distinguishable from the above cases because A.S.'s needs and emotional, physical, and mental welfare are being protected and provided for by her mother.

A.S.'s mother and father are separated. A.S. is in the physical custody of her mother and is restricted to supervised visitation with her father. A.S.'s father has been paying temporary child support and for A.S.'s counseling at the Zumbro Mental Health Center. The record does not reflect that any of A.S.'s mother's actions have been adverse to A.S.'s best interests or that A.S. is in danger of any further harm.

Olmsted County concedes A.S.'s mother is meeting the needs of A.S. Safeguards have already been implemented to protect and nourish A.S.'s emotional, physical, and mental well-being. Under these circumstances, the trial court did not err in dismissing the petition of dependency because A.S.'s present custodial parent is meeting the child's needs and looking after her best interests.

Until resolution of the terms of A.S.'s parents' dissolution, the petition of dependency is premature so long as the child is receiving the necessary special care from her custodial parent and is protected from acts of sexual abuse. If circumstances were to change and A.S.'s needs were not being fulfilled or she were not fully protected from sexual abuse, Olmsted County could then again seek an adjudication of dependency.

## DECISION

The trial court did not err in dismissing appellant's petition of dependency.

Affirmed.