**In the Matter of the**
**WELFARE OF T.L.L.**

No. C0–89–1726.

Court of Appeals of Minnesota.

April 3, 1990.

Thomas L. Johnson, Hennepin County Atty., Nancy K. Jones, Asst. County Atty., Minneapolis, for appellant.

Howard Kleyman, Minneapolis, for guardian ad litem.

Steven Ballantine, Minneapolis, for mother.

William R. Kennedy, Hennepin County Public Defender, William Briere, Asst. Public Defender, Minneapolis, for father.

Considered and decided by FOLEY, P.J., and CRIPPEN and MULALLY,* JJ.

## OPINION

CRIPPEN, Judge.

Hennepin County appeals from a disposition of the Juvenile Court ordering it to pay various treatment costs. It claims, *inter alia*, that the court did not possess subject matter jurisdiction to enter the order because the child is not in need of protection or services as a matter of law. We agree and reverse.

## FACTS

T.L.L. was born on February 6, 1986. In September of that year, her father was sentenced to 15 years in prison for murdering the best friend of the child's mother. He is currently serving that sentence in the St. Cloud reformatory. Since his incarceration, he has been diagnosed as suffering from a chronic antisocial personality disorder. T.L.L.'s mother is not employed and receives public assistance.

After the father was convicted, his wife moved to dissolve the marriage. Upon dissolution, the family court granted her custody of T.L.L. and reserved the issue of visitation. In May 1987, the mother petitioned the juvenile court to terminate the father's parental rights. After being notified of the petition, the Hennepin County Bureau of Social Services took no position and declined to participate. The parties settled the petition by a stipulation calling for a stay of termination pending the father's completion of a case plan to "reu-

nite" him with the child. The plan envisions visitation between the father and child and provision of treatment services to the father. In a March order, the court adopted this stipulation and ordered the Hennepin Bureau to join the proceedings and to pay certain treatment costs. After the county challenged this obligation, the court reconsidered its findings but repeated the payment obligation in an order issued on August 28, 1989. The county appeals from this order.

## ISSUE

Did the juvenile court possess subject matter jurisdiction to enter an alternative dispositional order pursuant to a termination petition, and to compel the county to pay treatment costs of a case plan?

## ANALYSIS

Hennepin County's primary claim is that the court lacked jurisdiction to enter its dispositional order because T.L.L. is not in need of protection or services as a matter of law. Under Minn.Stat. § 260.241 (1988), the court's jurisdiction in response to a termination petition is limited: it may either find grounds for termination or dismiss the petition. Pursuant to Minn.Stat. § 260.235 (1988), the court has alternative subject matter jurisdiction to make a disposition under Minn.Stat. § 260.191 .(1988). This jurisdiction requires a finding that the child is in need `.` protection or services. *See* Minn.Stat. § 260.015, subd. 2a (1988) (defining child in need of protection or services). Pursuant to the stipulation, the court proceeded on the theory that T.L.L. is in need of protection or services. In the August order, which considered the county's objection to its financial obligation and which incorporated the March order, the court included this finding:

> This Court found then, and again finds, that [T.L.L.] is in need of protection and services pursuant to Minn.Stat. § 260.015, subd. 2a(3).

This reference to a prior finding evidently refers to the court's theory of the case,

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

because the March order contains no such finding. Rather, the March order simply stayed the termination of the father's parental rights upon the condition he complete the plan.

█ The finding that T.L.L. is in need of protection or services is unsupported by more particular trial court findings. Section 260.015, subd. 2a(3), cited by the court, provides that a child is in need of protection or services when the child

> is without necessary food, clothing, shelter, education, or other required care for the child's physical or mental health or morals because the child's parent, guardian, or custodian is unable or unwilling to provide that care * * *.

Minn.Stat. § 260.015, subd. 2a(3). The only fact cited to support the determination of need for protection or services is suggested in the court's statement that

> It is possible—and indeed likely—that upon his release from prison the father would seek visitation with his daughter. The child's emotional health and best interests are served by counselling being provided to all parties who comprise the parent-child relationship in this case * * *.

The record does not show that such a visit will occur or that it should occur. The father did not testify, and the record demonstrates the mother's desire to avoid such a visit. No evidence supports the determination that the child possesses needs related to the prospect of a future visit by the father. The record does not indicate that any professional evaluated or even saw T.L.L., and no such testimony was presented.

The record shows that the mother is adequately meeting all the child's identified needs. Accordingly, no evidence supports the court's determination that T.L.L. is without required care such that the child is in need of protection or services. *In Re Welfare of A.S.*, 375 N.W.2d 596 (Minn.Ct. App.1985) (record that custodial parent is meeting all significant needs of child).

The county also questions the court's personal jurisdiction over the county agency and contends the court committed additional errors in determining the disposition and the county's liability for the treatment costs. In light of our determination that the court did not have subject matter jurisdiction to enter this order, we need not consider these additional issues.

## DECISION

The findings and the record fail to show that T.L.L. is in need of protection or services. Accordingly, the court lacked subject matter jurisdiction to enter a dispositional order compelling the county to pay the treatment costs of a case plan. On remand, the trial court must otherwise deal with the termination petition according to the law governing the case.

Reversed and remanded.

FOLEY, Judge (concurring specially).

I concur in the decision to remand this case. Upon remand, I urge the trial court to carefully weigh the best interests of the three-year-old child against the history of the father's murderous and violent past to determine whether the parental relationship between the father and child should be preserved.

It is undisputed that violent acts by the father are demonstrated by the following evidence set out in the mother's petition to terminate the father's parental rights:

> a (1). *Dangerous Character.* [The father] has a dangerous character which is epitomized by his conduct resulting in his incarceration. [The father] is presently incarcerated in St. Cloud Correctional Facility in St. Cloud, Minnesota. He was convicted of second degree murder of [the mother's] best friend. He was sentenced to 15 years in prison in September, 1986. Cause of death of the victim was by strangulation.

> a (2). Approximately 2½ years ago, [the mother] witnessed [the father's] attempt to strangle his friend * * * with his bare hands. He choked this friend until he was blue in the face and stopped only when [the mother] forced him away from [the friend]

a (3). Approximately 1½ years ago, [the father] nearly strangled [the mother] to death. [The mother] was able to convince [the father] to let go of her. [The mother] went to the hospital as she felt quite ill and her face was apparently absent of any color. She spoke to the police but told them she had been mugged in a park because she was afraid of what [the father] would do to her if she told them the truth.

The physical and mental health of the child could be in serious jeopardy if the father is permitted *any* contact with the child, now or in the future.